Mark M. MURAWSKI, Appellant

v.

Honorable Judge Cynthia
A. BALDWIN.

No. 06–1279.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 27, 2006.

Filed: Dec. 20, 2006.

Mark M. Murawski, South Park, PA,
pro se.

David M. Donaldson, Supreme Court of
Pennsylvania Administrative Office of PA
Courts, Philadelphia, PA, for Honorable
Judge Cynthia A. Baldwin.

Before: RENDELL, AMBRO and
ROTH, Circuit Judges.

OPINION

PER CURIAM.

Appellant Mark M. Murawski, proceed-
ing pro se, appeals from the judgment of
the District Court dismissing his complaint
for lack of subject matter jurisdiction.
For the reasons that follow, we will affirm.

In September of 2005, Appellant filed a
complaint in the United States District
Court for the Western District of Pennsyl-
vania against the Honorable Cynthia A.
Baldwin of the Court of Common Pleas of
Allegheny County. According to Appel-
lant, while presiding over a civil action
regarding a dispute over an easement for
the use of Appellant's property, Judge
Baldwin inserted the word "perpetual" into
the terms of the easement in violation of
the settlement actually agreed to by the
parties involved. Appellant alleges that
his constitutional rights were violated by
this action, and seeks relief from the con-
sent order of October 24, 2001, and an
unspecified amount of monetary damages
from Appellee for loss of property and
reputation.

We have jurisdiction over this appeal
pursuant to 28 U.S.C. § 1291. We review
the District Court's grant of a motion to
dismiss de novo. See Alston v. Parker,
363 F.3d 229, 232–33 (3d Cir.2004).

The District Court held that, pursuant
to the Rooker–Feldman doctrine, it lacked
appellate authority over the decision of the
state court that Appellant sought relief
from. See 28 U.S.C. § 1257 (only United
States Supreme Court has jurisdiction to
review decisions of state courts); Rooker
v. Fidelity Trust, 263 U.S. 413, 416, 44
S.Ct. 149, 68 L.Ed. 362 (1923); District of
Columbia Court of Appeals v. Feldman,
460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75
L.Ed.2d 206 (1983). Because Appellant
was essentially asking the District Court
to invalidate the state court's consent or-
der, the Court held that his complaint was
barred by Rooker–Feldman. See id.; see
also E.B. v. Verniero, 119 F.3d 1077, 1091
(3d Cir.1997) (holding that "to grant [Ap-
pellant] relief would require an inferior
federal court to determine that the [state]
court's judgment was erroneous and would
foreclose implementation of that judg-
ment"). To the extent that the District
Court held that Appellant's request for
relief from the consent order was barred
by Rooker-Feldman, we agree.

In his complaint, Appellant also sought
unspecified monetary damages from Judge

Baldwin. The District Court did not reach this claim, holding instead that it lacked subject matter jurisdiction over the entire complaint. Nonetheless, it is beyond dispute that judges are immune from liability for damages for acts committed within their judicial jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). As entry of the consent order was plainly within Judge Baldwin's jurisdiction, Appellant's claim for damages could not survive a motion to dismiss.

Accordingly, we will affirm the judgment of the District Court.[1]

---

1. Appellant's Motion for Remedy and for Relief of Legislation is denied.